FILED - GR
August 31, 2009 3:50 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Jamie Klompstra,** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | Hon. | **1:09-cv-804** |
| v. ) | | **Gordon J Quist** |
| ) | | **U.S. District Judge** |
| **LTD Financial Services, L.P.,** a ) | | |
| Texas limited partnership, **Paragon** ) | | |
| **Way, Inc.,** a Texas corporation, and ) | | |
| **Collins Financial Services, Inc.,** ) | | |
| a Texas corporation, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| _____ ) | | |

## Complaint

### I. Introduction

1. This is an action for damages and declaratory relief, brought against debt collectors in response to the debt collectors' abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Michigan Collection Practices Act ("MCPA"), M.C.L..§ 445.251 *et seq.*, and the Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

1

### III. Parties

3. Plaintiff Jamie Klompstra is a natural person residing in Ottawa County, Michigan. Mrs. Klompstra is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mrs. Klompstra is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA and MOC.

4. Defendant LTD Financial Services, L.P. ("LTD") is a Texas limited partnership with offices at 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074. The registered agent for LTD in Texas is Leonard J. Pruzansky, 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074. The registered agent for LTD in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. LTD uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. LTD regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. LTD is a "debt collector" as the term is defined and/or used in the FDCPA. LTD is licensed (Nos. 2401001622 and 2401002210) by the State of Michigan to collect debts in Michigan. LTD is a "collection agency" and "licensee" as the terms are defined and/or used in MOC. Alternatively, LTD is a "regulated person" as the term is defined and/or used in MCPA.

5. Defendant Paragon Way, Inc. ("Paragon") is a Texas corporation, doing business at 2101 West Ben White Boulevard, Suite 103, Austin, Texas 78704. Paragon's resident agent in Michigan is LexisNexis Document Solutions, Inc., 601 Abbott Road, East Lansing, Michigan 48823. Paragon uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Paragon regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Paragon is a "debt collector"

as the term is defined and/or used in the FDCPA. Paragon is a "collection agency" and "licensee" as the terms are defined and/or used in MOC. Alternatively, Paragon is a "regulated person" as the term is defined and/or used in MCPA. Paragon and defendant Collins Financial Services Inc. do business from the same location.

6. Defendant Collins Financial Services Inc. ("Collins") is a Texas corporation, doing business at 2101 West Ben White Boulevard, Suite 103, Austin, Texas 78704. Collins' registered agent in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. Collins uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Collins regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Collins is a "debt collector" as the term is defined and/or used in the FDCPA. Collins is a "collection agency" and "licensee" as the terms are defined and/or used in MOC. Alternatively, Collins is a "regulated person" as the term is defined and/or used in MCPA. Collins and Paragon do business from the same location.

**IV. Facts**

7. In or about May 2008, Mrs. Klompstra opened a credit account (No. 6019 1830 1315 8076) with GE Money Bank/CareCredit LLC ("GEMB"). In connection with that process, Mrs. Klompstra listed her mother, Joan Matzat, as a reference. Mrs. Matzat did not agree to become a co-obligor on the account. Mrs. Matzat never signed any document that would obligate her to pay the account.

8. Mrs. Klompstra used the account to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term

is defined and used in the FDCPA, MCPA and MOC.

9. Mrs. Klompstra became unemployed and unable to pay the debt.

10. Mrs. Klompstra disputes the debt.

11. Mrs. Klompstra refuses to pay the disputed debt.

12. In or about February 2009, GEMB charged off the account and related debt.

13. In or after February 2009, GEMB sold the charged off account and related debt.

14. Collins is in the business of purchasing delinquent consumer debt for collection. Collins often purchases the delinquent consumer debt for less than ten cents on the dollar.

15. Collins claims to have purchased Mrs. Klompstra's GEMB account and related debt.

16. Apparently, Collins hired Paragon to collect the debt. Paragon then hired LTD to collect the debt.

17. Alternatively, Collins and Paragon together hired LTD to collect the debt.

18. On or about August 6, 2009, a LTD employee identified as Mr. Cavanaugh at Extension 2705 began a series of telephone calls to Mrs. Klompstra, demanding payment of the debt.

19. On or about August 13, 2009 at approximately 7:30 p.m., LTD's employee telephoned the residence of Mrs. Klompstra's parents and spoke with Mrs. Klompstra's mother, Joan Matzat. The LTD employee stated that he was calling to collect a debt. The LTD employee falsely stated that Mrs. Matzat had co-signed for Mrs. Klompstra's loan. The LTD employee demanded that Mrs. Matzat pay the debt. Mrs. Matzat stated that she did not co-sign for the loan and that she had been listed by Mrs. Klompstra as nothing more than a reference. Mrs. Matzat

terminated the call.

20. On or about August 13, 2009 at approximately 7:42 p.m., LTD's employee again telephoned the residence of Mrs. Klompstra's parents. Mrs. Klompstra's father, Robert Matzat, answered the telephone. The LTD employee stated that he was calling to collect a debt. The LTD employee falsely stated that Mr. Matzat had co-signed for Mrs. Klompstra's loan. The LTD employee demanded that Mr. Matzat pay the debt. Mr. Matzat stated that he did not co-sign for the loan. Mrs. Matzat then got took the telephone from Mr. Matzat and again stated that she had been listed by Mrs. Klompstra as nothing more than a reference. The LTD employee became loud and argumentative. Mrs. Matzat became very upset and terminated the call.

21. The LTD employee wrongfully disclosed to Mrs. Klompstra's parents that LTD was attempting to collect a debt from Mrs. Klompstra.

22. The LTD employee wrongfully communicated with Mrs. Klompstra's parents for a purpose other than to acquire location information regarding Mrs. Klompstra.

23. The LTD employee wrongfully caused the Matzats' telephone to ring or engaged the Matzats in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Matzats.

24. On or about August 14, 2009, LTD's employee telephoned the cellular telephone of Mrs. Klompstra's husband, Sam Klompstra, while Mr. Klompstra was at work. The LTD employee stated that he was attempting to collect the debt. The LTD employee falsely stated that because Mr. Klompstra is married to Mrs. Klompstra, Mr. Klompstra is legally obligated to pay his wife's debts. The LTD employee stated that Mrs. Klompstra and Mrs. Matzat were co-obligated to pay the debt. Mr. Klompstra stated that Mrs. Matzat was not obligated to pay the

5

debt and had been listed by Mrs. Klompstra as nothing more than a reference. The LTD employee told Mr. Klompstra to have Mrs. Klompstra return his telephone call.

25. On or about August 15, 2009 at approximately 12:40 p.m., Mrs. Klompstra spoke by telephone with LTD's employee. The LTD employee demanded payment of the debt by the following Monday. The LTD employee stated that if payment was not made, a lawsuit would be filed against Mrs. Klompstra, her husband, and both of her parents. The LTD employee stated that the wages and tax returns of Mrs. Klompstra, her husband, and both of her parents were going to be garnished. The LTD employee asked Mrs. Klompstra what kind of property, savings accounts, pensions and retirement plans were owned by Mrs. Klompstra, her husband, and her parents. The LTD employee stated that all of those assets would be taken as soon as possible and that there would be nothing Mrs. Klompstra could do to stop it.

26. On or about August 18, 2009, Mrs. Klompstra spoke by telephone with LTD's employee. The LTD employee demanded that Mrs. Klompstra pay the debt. In the ensuing conversation, the LTD employee made the following statements:

a) LTD was collecting the debt for CareCredit.

b) LTD had never sent any letter or written notice to Mrs. Klompstra because Mrs. Matzat was the primary obligor on the account and Mrs. Klompstra was only a secondary obligor.

c) LTD had no duty to send any letter or written notice to Mrs. Klompstra regarding the debt.

d) If Mrs. Matzat did not pay the debt, then LTD was going to pursue Mrs. Klompstra.

    e)      Mrs. Klompstra was not allowed to dispute the entire debt.

    f)      Mrs. Klompstra was required to dispute the debt in writing.

    g)      LTD had no obligation to verify the debt because Mrs. Klompstra already had acknowledged the debt.

Mrs. Klompstra told the LTD employee that Mr. Klompstra's employer does not allow Mr. Klompstra to receive personal calls at work, including calls from debt collectors, and that LTD is not to call Mr. Klompstra's cellular telephone again. Mrs. Klompstra told the LTD employee that it was not convenient for Mr. Klompstra to receive telephone calls on his cellular telephone from LTD. Mrs. Matzat then spoke with the LTD employee. Mrs. Matzat stated that she disputed the debt. The LTD employee stated that Mrs. Matzat already had acknowledged the debt. Mrs. Matzat became extremely upset and terminated the call.

    27.    On or about August 27, 2009, a LTD employee identified as Mr. Cavanaugh at 800-741-2100, Extension 2705, telephoned Mr. Klompstra's cellular telephone in an effort to collect the debt from Mrs. Klompstra. The LTD employee telephoned Mr. Klompstra while Mr. Klompstra was at his place of employment, despite having been told by Mrs. Klompstra on August 18, 2009 that Mr. Klompstra's employer does not allow Mr. Klompstra to receive personal calls at work, including calls from debt collectors, despite having been told that LTD is not to call Mr. Klompstra's cellular telephone again, and despite having been told that it was not convenient for Mr. Klompstra to receive telephone calls on his cellular telephone from LTD. The LTD employee telephoned Mr. Klompstra's cellular telephone even though the LTD already knew the telephone number to reach Mrs. Klompstra directly at her residence.

    28.    On or about August 27, 2009, a LTD employee identified as Mr. Cavanaugh at

7

800-741-2100, Extension 2705, telephoned Mrs. Klompstra at her residence and left a recorded message stating that she needed to telephone him that day.

29. On or about August 27, 2009, Mrs. Klompstra spoke by telephone with a LTD employee identified as Mr. Cavanaugh at 800-741-2100, Extension 2705. The LTD employee demanded that Mrs. Klompstra pay the debt. In the ensuing conversation, the LTD employee made the following false representations:

a) LTD was collecting the debt for CareCredit.

b) LTD had no duty to send any letter or written notice to Mrs. Klompstra regarding the debt.

c) Mrs. Klompstra was not allowed to dispute the entire debt.

d) Mrs. Klompstra was required to dispute the debt in writing.

e) LTD had no obligation to verify the debt because Mrs. Klompstra already had acknowledged the debt.

f) Mrs. Klompstra was required to give a reason why she disputed the debt.

g) Mrs. Klompstra was required to dispute the debt in writing and in a format the LTD collector could understand so that he could make sure that Mrs. Klompstra's allegations of dispute were legible.

h) Mrs. Klompstra by insisting that she was disputing the debt was being immature about the matter.

i) It would not help Mrs. Klompstra to dispute the debt.

j) To dispute the debt, Mrs. Klompstra was required to go through proper procedures and send LTD a written dispute of the debt.

k) Mrs. Klompstra to dispute the debt was required to fax a letter of dispute to LTD and state her reasons for dispute.

l) If Mrs. Klompstra did not agree that day to settle the debt with LTD by paying fifty cents on the dollar, LTD would pay fifty cents on the dollar, then LTD would go against Mrs. Klompstra's mother to collect the debt.

m) If Mrs. Klompstra did not put her dispute in writing, then Mrs. Klompstra did not have a dispute.

30. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998).

31. The FDCPA does not limit the time in which a consumer may dispute a debt.

32. LTD and its employee falsely stated that Mrs. Klompstra could not dispute the debt.

33. LTD and its employee made false statements regarding the procedure for a consumer to dispute a debt.

34. LTD and its employee made false statements regarding Mrs. Klompstra's right to dispute the debt.

35. LTD and its employee misrepresented the character, amount and legal status of the debt.

36. The FDCPA states that the failure of a consume to dispute the validity of a debt under 15 U.S.C. § 1692g may not be construed by an court as an admission of liability by the consumer. 15 U.S.C. § 1692g(c).

37. LTD and its employee falsely stated that Mrs. Klompstra had acknowledged the debt.

38. LTD failed to send Mrs. Klompstra a timely notice of her rights as required by 15 U.S.C. § 1692g(a).

39. LTD knowingly failed and refused to send Mrs. Klompstra a timely notice of her rights as required by 15 U.S.C. § 1692g(a), even after Mrs. Klompstra had repeatedly stated to the LTD employee that she had received nothing in writing from LTD. The LTD employee repeatedly stated that Mrs. Klompstra was secondarily liable for the debt so LTD was not required to send anything in writing to Mrs. Klompstra.

40. The acts and omissions of LTD and its employees were done wilfully.

41. LTD and its employees wilfully violated the FDCPA., MCPA and MOC.

42. Paragon has derivative and vicarious liability for the acts and omissions of LTD and its employees.

43.     Collins has derivative and vicarious liability for the acts and omissions of LTD and its employees.

44.     As an actual and proximate result of the acts and omissions of LTD and its employees, Paragon and Collins, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

45.     Plaintiff incorporates the foregoing paragraphs by reference.

46.     Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a)     Defendants violated 15 U.S.C. § 1692b;

b)     Defendants violated 15 U.S.C. § 1692c(a);

c)     Defendants violated 15 U.S.C. § 1692c(b);

d)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

e)     Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

f)     Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

g) Defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendants' practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

47. Plaintiff incorporates the foregoing paragraphs by reference.

48. Defendants have violated the MCPA. Defendants' violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendants violated M.C.L. §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor;

c) Defendants violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt; and

d) Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to M.C.L. § 445.257(2);

b) Treble the actual damages pursuant to M.C.L. § 445.257(2);

c) Statutory damages pursuant to M.C.L. § 445.257(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

### Count 3 – Michigan Occupational Code

49. Plaintiff incorporates the foregoing paragraphs by reference.

50. Defendants have violated MCL § 339.901 *et seq*. Defendants' violations include, but are not necessarily limited to, the following:

a) Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendants violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

c) Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: August 31, 2009

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com